IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KATEY L. KACZAR,

      Plaintiff,

v.

CALIFORNIA CASUALTY INDEMNITY EXCHANGE

      Defendant.

---

## UNOPPOSED NOTICE OF REMOVAL

---

COMES NOW Defendant, California Casualty Indemnity Exchange ("California Casualty"), by and through its attorneys, White and Steele, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal of the above-captioned action from the District Court of the County of Boulder, Colorado, to the United States District Court for the District of Colorado. In support thereof, Defendant states as follows:

### I.   CERTIFICATION

Defendant certifies that, pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel has conferred with Plaintiff's counsel concerning the relief requested herein. Plaintiff does not oppose the relief sought in this motion.

### II.   INTRODUCTION

1.      On or about August 9, 2013, Plaintiff filed the present lawsuit California Casualty, case number 2013 CV 31210, in the District Court of the County of Boulder, Colorado,

titled "*Katey L. Kaczar v. California Casualty Indemnity Exchange.*"   A copy of the Civil Summons to California Casualty Indemnity Exchange is attached hereto as **Exhibit A**.  A copy of the District Court Civil Case Cover Sheet is attached hereto as **Exhibit B**.  A copy of the Complaint for Damages, Declaratory Judgment, and Jury Demand is attached hereto as **Exhibit C**.  The Complaint was served on California Casualty on August 28, 2013.  *See* Service of Process Receipt attached hereto as **Exhibit D**.  A copy of the Summons, the District Court Civil Case Cover Sheet, Complaint, (**Exhibits A-C**), constitute all of the process, pleadings, and orders filed by the parties in this action.  28 U.S.C. § 1446(a).  A copy of the docket is attached hereto as **Exhibit E** as required by 28 U.S.C. § 1446(a).

2.      This lawsuit arises out an automobile accident that occurred on November 29, 2011.  On November 29, 2011, Plaintiff alleges that her vehicle collided with vehicle operated by Dario Venegas-Pinedo.  Plaintiff alleges that Mr. Venegas-Pinedo hit her head on.  (**Exhibit C** at ¶ 4.)  Plaintiff alleges that she settled with the at-fault driver, Mr. Venegas-Pinedo, for $25,000 however she claims her damages exceed this amount.  (**Exhibit C** at ¶ 17).  Plaintiff alleges that she is insured by Defendant California Casualty Indemnity Exchange for underinsured motorist benefits.  (**Exhibit C** at ¶¶ 16-21).  Plaintiff claims that she is entitled to underinsured motorist benefits and that Defendant breached its contract in bad faith and violated §10-3-1115 and 1116. (**Exhibit C**, generally).

3.      The United States District Court for the District of Colorado has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Pursuant to 28 U.S.C. § 1441(d), the United States District Court for the District of Colorado is the appropriate court for the filing of a Notice of Removal from the District Court of the County of Boulder, Colorado, where this action is pending.

5.      The above-described civil action is one which may be removed by defendant pursuant to 28 U.S.C. § 1441(a).

6.      This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint on the Defendant and is timely under 28 U.S.C. § 1446(b).

7.      Pursuant to 28 U.S.C. 1446(d), a copy of a Notice of Removal with this Notice of Removal attached as an exhibit thereto, attached hereto as **Exhibit F**, is simultaneously filed with the Clerk of the District Court of the County of Boulder, Colorado, and a copy has been served on Plaintiff as indicated on the attached Certificate of Service.

### III.   DIVERSITY OF CITIZENSHIP EXISTS

8.      "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile.  To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

9.      Pursuant to the allegations of the Complaint filed in the District Court of the County of Boulder, case number 2013 CV 31210, Plaintiff is a resident of the State of Colorado (**Exhibit C** at ¶ 1).

10.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2012).  Defendant California Casualty Indemnity Exchange is and was

at the commencement of this action a foreign corporation/insurance company with its principal

place of business in California.   A copy of a website page concerning Defendant's principal

place of business attached hereto as **Exhibit G**, which also demonstrates that Defendant's

principal place of business is in California.   Defendant, therefore, is a citizen of California for

purposes of determining diversity.

11.     Plaintiff and Defendant are citizens of different states.   As such, complete

diversity of citizenship exists between the parties.

### IV.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12.     A Federal Court has diversity jurisdiction when there is diversity of citizenship

among the parties and the amount in controversy exceeds $75,000.   *Stuart v. Colorado Interstate

Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001).   The amount in controversy must be determined

by the allegations contained in the complaint or, if not dispositive, by the allegations in the

Notice of Removal.   *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v.

Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

13.     In the present matter, the amount in controversy exceeds $75,000.   Plaintiff

alleges that Defendants breached the insurance contract with Plaintiff and acted in bad faith.

(**Exhibit C**, generally).   Plaintiff alleges that the car accident resulted in a non-union fracture,

which will require additional surgery, economic, and non-economic damages. (**Exhibit C**,

generally).   Plaintiff seeks damages from Defendant pursuant to C.R.S. § 10-3-1115 which

provides for two times the covered benefit, plus attorneys fees and costs. (**Exhibit C** at ¶¶ 28-

33).   Plaintiff's Complaint, therefore, demonstrates that the amount in controversy exceeds

$75,000.   *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (the defendant may

rely on an estimate of the potential damages from the allegations in the complaint.  A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal).

14.     Additionally, Plaintiff averred in the District Court Civil Case Cover Sheet where Plaintiffs marked the box that the party is seeking a monetary judgment for more than $100,000 against another party (**Exhibit B**).  Plaintiffs' Civil Case Cover Sheet is a judicial admission regarding the amount in controversy for purposes of removal.  *Wright v. Hartford Underwriters Ins. Co.*, 04-RB-1735 (BNB) (D. Colo. 2005). Therefore, the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1332.

WHEREFORE, Defendant California Casualty respectfully requests that the United States District Court for the District of Colorado accept this Notice of Removal, that it assume jurisdiction of this case and issue such further orders and processes as may be necessary to bring before all parties for the trial hereof.

Respectfully submitted this 13th day of September, 2013.

s/ Frederick W. Klann

Frederick W. Klann
Keith D. Orgel
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone:  303-296-2828
Facsimile:   303-296-3131
Email:      fklann@wsteele.com
            korgel@wsteele.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2013, I electronically filed and served the foregoing with the Clerk of Court using CM/ECF system, which will send notification of such filing to the email addresses and/or placed in the U.S. Mail postage prepaid to the following:

Barry I. Dunn, Esq.
Franklin D. Azar & Associates
14426 East Evans Avenue
Aurora, CO 80014
(303) 757-3300

*Original signature on file at the offices of*
*White and Steele, P.C. per C.R.C.P. Rule 121 § 1-26(7)*


s/ *Violet Perry*
White and Steele, P.C.