| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, COLORADO**<br>Court Address:<br>1777 6TH Street<br>Boulder, Colorado 80302<br>303-441-3750 | DATE FILED: August 9, 2013 11:02 AM |
| **Plaintiff:** Katey L. Kaczar<br><br>v.<br><br>**Defendant:** California Casualty Indemnity Exchange | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Barry I. Dunn, Esq., #30416<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone: (303) 757-3300 Fax: (303) 759-5203<br>Email: dunnb@fdazar.com  welchv@fdazar.com | Case Number:<br><br>Division: |

## COMPLAINT AND JURY DEMAND

Plaintiff, Katey L. Kaczar, (Plaintiff) by and through her attorneys, Barry I. Dunn, Esq., Franklin D. Azar & Associates, P.C., for her Complaint and Jury Demand for damages against California Casualty Indemnity Exchange, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      At all times relevant to this lawsuit, Plaintiff has resided in Colorado and Plaintiff currently resides in Boulder County.

2.      California Casualty Indemnity Exchange is an insurance company licensed in, and regularly conducting business in, the State of Colorado including within the County of Boulder, and whose agent for service is Registered Agent Solutions, Inc., located at 36 South 18th Avenue, Suite D, Brighton, CO 80601.

3.      Venue and jurisdiction are proper in this Court pursuant to C.R.C.P. 98(c), as Boulder County is designated herein.

### GENERAL ALLEGATIONS

4.      Plaintiff Katey L. Kaczar was injured in a two vehicle collision which occurred on November 29, 2011 at approximately 2:11 a.m. near the intersection of Northbound Colorado 287 and 67th Avenue in Adams County, Colorado. Plaintiff was the properly restrained driver of

EXHIBIT C

Notice of Removal
09/13/2013

a 1991 Toyota Camry traveling northbound on Colorado 287 in lane #1, north of 67th Avenue. A 1993 Ford Explorer owned and operated by Dario Venegas-Pinedo was traveling southbound in the northbound lane #1 of Colorado 287, north of 67th Avenue. Mr. Venegas-Pinedo collided head on with Ms. Kaczar's vehicle.

5.     Mr. Venegas-Pinedo caused the accident by negligently operating his vehicle.

6.     As a direct, proximate, and foreseeable result of the accident that occurred on November 29, 2011, Plaintiff has suffered physical injuries; physical pain and suffering; permanent injury; permanent impairment; loss of enjoyment of life, medical bills, hospital bills, loss of income and doctor bills.

7.     Mr. Venegas-Pinedo's tortious conduct on the occasion in question was in violation of his duty to Plaintiff and the public at large to drive carefully and prudently.

8.     Mr. Venegas-Pinedo's tortious conduct on the occasion in question was sufficient to cause, and did cause, Plaintiff severe, permanent, and disabling injuries.

9.     Plaintiff was not negligent with respect to causing the accident.

10.    No third party caused or contributed to the cause of the accident.

11.    Plaintiff sustained severe and permanent injuries as a result of the accident, as well as other damages and losses.

12.    Plaintiff has not failed to mitigate her damages.

13.    At the time of the accident, Mr. Venegas-Pinedo possessed insurance coverage with Viking Insurance Company of Wisconsin with policy limits of $25,000 per person.

14.    Plaintiff and Mr. Venegas-Pinedo, through his insurance company, Viking Insurance Company of Wisconsin, reached an agreement to settle Plaintiff's bodily injury (BI) claims against Mr. Venegas-Pinedo in exchange for payment of $25,000, the limits of his liability insurance policy.

15.    California Casualty Indemnity Exchange provided permission for Plaintiff to settle her BI claims against Mr. Venegas-Pinedo.

16.    At the time of the accident, Plaintiff was insured under one policy of automobile insurance issued by California Casualty Indemnity Exchange. The policy included underinsured motorist (UIM) insurance coverage, which requires California Casualty Indemnity Exchange to pay benefits to Plaintiff for the damages she is legally entitled to recover.

17.     Plaintiff submitted a claim to California Casualty Indemnity Exchange for payment of UIM insurance benefits for injuries, damages and losses she sustained in the November 29, 2011 accident.

18.     The Plaintiff has satisfied all conditions precedent to maintain her UIM claim with California Casualty Indemnity Exchange including, but not limited to, cooperation and payment of insurance premiums.

19.     California Casualty Indemnity Exchange delayed its investigation and evaluation of Plaintiff's insurance claim without a reasonable basis.

20.     California Casualty Indemnity Exchange has had sufficient information to tender a sufficient amount to compensate Plaintiff without further delay of her claim.

21.     California Casualty Indemnity Exchange has failed to pay, and continues to fail to pay, the full value of the UM benefits to which Plaintiff is entitled.

### FIRST CLAIM FOR RELIEF
*Breach of Insurance Contract*

22.     Plaintiff incorporates all prior allegations as though fully set forth herein.

23.     California Casualty Indemnity Exchange issued a policy of insurance that provided UIM coverage to Plaintiff on the date of the accident.

24.     Plaintiff substantially complied with all conditions precedent to coverage under the insurance contract.

25.     California Casualty Indemnity Exchange breached the insurance contract by failing to perform its obligations under the contract, including payment of UIM benefits to Plaintiff related to injuries, damages and losses sustained as a result of the November 29, 2011 accident.

26.     California Casualty Indemnity Exchange's breach of contract caused Plaintiff injuries, damages and losses.

### SECOND CLAIM FOR RELIEF
*Violation of C.R.S. § 10-3-1115*

27.     Plaintiff incorporates all prior allegations as though fully set forth herein.

28.     C.R.S. § 10-3-1115(1)(a) provides that an insurer shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

29.     Plaintiff is a first-party claimant within the meaning of C.R.S. § 10-3-1115(b)(I).

30.     California Casualty Indemnity Exchange unreasonably delayed payment of Plaintiff's claim for UIM benefits, and continues to unreasonably delay payment of Plaintiff's claim.

31.     California Casualty Indemnity Exchange's delay in paying Plaintiff's claim was, and continues to be, unreasonable.

32.     California Casualty Indemnity Exchange's delay in paying Plaintiff's claim was, and continues to be, in violation of C.R.S. § 10-3-1115.

33.     As a result of California Casualty Indemnity Exchange's violation of C.R.S. § 10-3-1115, Plaintiff is entitled to damages and other penalties contemplated by C.R.S. § 10-3-1116(1), in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### Breach of Duty of Good Faith and Fair Dealing

34.     Plaintiff incorporates all prior allegations as though fully set forth herein.

35.     By virtue of the insurance contract and Colorado law, California Casualty Indemnity Exchange owed Plaintiff a duty of good faith and fair dealing.

36.     California Casualty Indemnity Exchange breached the duty of good faith and fair dealing in the course of its investigation, handling and evaluation of Plaintiff's claim for insurance benefits.

37.     California Casualty Indemnity Exchange's actions constitute willful violations of one or more provisions of C.R.S. § 10-3-1104(1)(h)(I) through (XIV).

38.     California Casualty Indemnity Exchange's wrongful conduct is ongoing.

39.     California Casualty Indemnity Exchange's breach of the duty of good faith and fair dealing caused Plaintiff's injuries, damages and losses in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against the Defendant as follows:

A.     For compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiff's injuries, damages and losses sustained as a result of the November 29, 2011 accident including, but not limited to, all economic and noneconomic damages she has incurred to the present time and which she will probably have in the future;

B.     For compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiff's injuries, damages and losses resulting from California Casualty tortious actions including, but not limited to, all economic and noneconomic damages Plaintiff has incurred and which she will probably have in the future;

C.     For interest to the fullest extent provided by law, including pre- and post-judgment interest pursuant to CRS §§ 13-21-101 and 5-12-102;

D.     For specific performance of the insurance contract;

E.     For double damages, costs and attorney fees as provided by Colorado law, including C.R.S. § 10-3-1116;

F.     For such other and further relief as this Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL OF ALL MATTERS AT ISSUE HEREIN TO A JURY**

DATED: August 9, 2013

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By: _/s/ Barry I. Dunn_
Barry I. Dunn. Esq., Reg. No. 30416
ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
2104 3rd Avenue
Longmont, CO 80501